**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CARLOS COLLINS, # 182427,

        Petitioner,

v.                                                        Case Number: 10-CV-12976
                                                             Honorable Victoria A. Roberts

CARMEN PALMER,

        Respondent.
_____/

**OPINION AND ORDER GRANTING MOTION FOR REHEARING,
STAYING HABEAS PETITION, AND ADMINISTRATIVELY CLOSING CASE**

**I.**

Petitioner Carlos Collins, a state inmate confined at the Michigan Reformatory in Ionia, Michigan, seeks the issuance of a Writ of Habeas Corpus under 28 U.S.C. § 2254. In his *pro se* Application, Petitioner challenges his convictions for felony murder, second-degree murder, armed robbery, felon in possession, and felony firearm, imposed by a Wayne County, Michigan, Circuit Court jury on February 1, 2007. He was sentenced to mandatory life in prison on February 16, 2007.

Pending is Petitioner's Motion for Rehearing, filed under Fed.R.App.P. 40 on November 23, 2010. Petitioner filed this Motion in regard to the Court's denial of his request for a stay, dated November 2, 2010. The Court construes Petitioner's Motion as a Motion to Alter or Amend Judgment under Fed.R.Civ.P. 59(e).

The Court denied Petitioner's request for a stay because he failed to identify the claims he wanted to present to the State court in his 6.500 Motion. Petitioner is now requesting that the Court reconsider its Order, denying his request, and stay his Habeas Proceedings so that he can

return to State court to exhaust the following claims: (1) newly discovered evidence, (2) ineffective assistance of trial and appellate counsel, and (3) prosecutorial misconduct. For the reasons stated, the Court stays the Petition so that Petitioner may return to State court to exhaust.

**II.**

A motion to alter or amend judgment under Fed.R.Civ.P. 59(e) "allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). The Court may alter or amend its judgment only if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005), *cert. denied*, 547 U.S. 1070 (2006). "This standard is not inconsistent with the 'palpable defect' standard" applied in this district when addressing motions for reconsideration. *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006). Pursuant to the local rule, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3).

Here, the Court grants Petitioner's Motion in order to prevent manifest injustice: Petitioner has now identified his claims to be presented to the State courts in order to exhaust.

2

**III.**

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas-corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002). The petitioner bears the burden to show that State-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The Michigan Court Rules provide a process through which Petitioner may raise unexhausted claims. Petitioner can file a Motion for Relief from Judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing. Petitioner may appeal the trial court's disposition of his Motion for Relief from Judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he must show cause:

(1) for failing to raise his unexhausted claims on his delayed application for leave to appeal to the Michigan Court of Appeals and (2) prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he must make a similar showing here if the Court concluded that there was no State remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

The Court finds it is appropriate to enter a stay to allow Petitioner to present his unexhausted claims to the State courts and return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). Stay and abeyance is only appropriate when a district court determines that the petitioner shows good cause for the failure to first exhaust in state courts, the unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 277.

Petitioner shows the need for a stay. The Court finds that Petitioner's unexhausted claims should be addressed to, and considered by, the State courts in the first instance so the State courts will have an opportunity to decide whether those claims have merit. The Court recognizes that the one-year limitations period applicable to this habeas action may pose a problem for Petitioner if this Court were to dismiss the petition to allow for further exhaustion. *See* 28 U.S.C. § 2244(d)(1). Thus, the Court concludes that Petitioner would be better served if he perfected his Petition through all avenues before seeking this Court's assistance. The Court will therefore stay the Habeas Petition until Petitioner has exhausted available State-court remedies. *See Palmer*, 276 F.3d at 781.

4

## IV.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Rehearing [dkt. # 8] is granted.

**IT IS FURTHER ORDERED** that all proceedings in this case are stayed pending exhaustion of State-court remedies. The case will be stayed, provided (I) Petitioner presents his unexhausted claims to the State court within sixty (60) days from the date of this Order, and (ii) Petitioner returns to this Court to request that the stay be lifted within sixty (60) days of exhausting his State-court remedies.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 30, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Carlos Collins by electronic means or U.S. Mail on December 30, 2010.

s/Carol A. Pinegar
Deputy Clerk

---